FRANKLIN *v.* MISSISSIPPI EMPLOYMENT SECURITY COMM.

No. 42089          December 11, 1961          136 So. 2d 197

*Laurel G. Weir,* Philadelphia, for appellant.

*Floyd P. Smith,* Jackson, for appellee.

Rodgers, J.

Mrs. Mattie B. Franklin filed an application for unemployment benefits under Mississippi Employment Security Law, Sections 7374, 7375, Miss. Code 1942 as amended. The Employment Commission made an initial determination that appellant was not entitled to the benefits under the law because she left work voluntarily without good cause, within the meaning of the Employment Security Law.

The appellant pursued her claim through the various administrative claim agencies set up under the Mississippi Employment Security law, until a final order was entered by the Board of Review denying her claim. She then filed her application in the Circuit Court of Neshoba County under Section 7388, Miss. Code 1942, asking for a review of the order of the Board of Review. The Circuit Court entered its order denying the claim of the appellant, and from that order the case is appealed to this Court.

It appears from the testimony introduced that the appellant, an employee of Wells-Lamont Corporation, asked her employer for a "sick leave of absence", to have a baby, and that the employer granted the leave. After the child was born, appellant returned to her place of employment, but was advised that she was not needed at the time. She then sought employment elsewhere but failed to obtain suitable work. Since she could not find employment, she filed her application for unemployment benefits.

The Circuit Court entered an order holding that the appellant was disqualified to receive benefits under the Mississippi Employment Security law, and holding that Section 7379(a), Miss. Code 1942, (Section 5(a) Chap. 533, Laws of 1958), was applicable to the facts in this case.

The pertinent part of the foregoing section is as follows: "An individual shall be disqualified for benefits. (a) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services (whether performed for an employer as in this act defined or otherwise) equal to not less than eight times his weekly benefit amount, as determined in each case, *provided that marital, filial, and domestic circumstances and obligations shall not be*

*deemed good cause within the meaning of this subsection."*

██ ██ We are of the opinion that the facts in this case are controlled by the case of Luke v. Miss. Employment Security Commission, 239 Miss. 292, 123 So. 2d 231, and that the order of the Circuit Court was correct and should therefore be affirmed.

Affirmed.

*Arrington, Ethridge, McElroy,* and *Jones, JJ.,* concur.