MISSISSIPPI EMPLOYMENT SECURITY COMMISSION *v.* CORLEY

No. 42530          January 21, 1963          148 So. 2d 715

*H. L. Hutcherson,* Jackson, for appellant.

*Stovall Lowrey,* Clarksdale, for appellee.

Rodgers, J.

This is an appeal from a judgment of the Circuit Court of Coahoma County, Mississippi, reversing an order of the Board of Review of the Mississippi Employment

Security Commission. The order affirmed the Referee's finding that appellee was disqualified to receive benefits under Sec. 7379 (a), Miss. Code 1942, Rec.

Appellee filed an initial claim for benefits in which she alleged that she was discharged because of company policy on pregnancy. Appellee was last employed by the Porcelain Constructors, Inc., as secretary and operator of a bookkeeping machine and a machine which made pictures.

At the hearing before the Referee, she testified that she was pregnant and that her employer permitted her to work an extra month but she was told that it was dangerous for her to continue to work because the plant was "back behind a bunch of railroad tracks" and she had to climb up and down steps to get into the office. She had planned to work until December but was required to quit in October.

The only issue for determination is whether or not appellee voluntarily left her employment within the meaning of Sec. 7379 (a), Code 1942, Rec., supra.

The Board of Review affirmed the order of the Referee in which he found as a fact that "Under the circumstances claimant is deemed to have left work voluntarily. The reason for her leaving work was due to the fact she was pregnant. Since claimant's separation from work was due to a marital circumstance, i. e., pregnancy, she is subject to disqualification under the above section of the law."

The applicable part of Sec. 7388, Miss. Code 1942, Rec., is in the following language: "* * * In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. * * *"

(Hn 1) We are of the opinion that the holding of the Board of Review is amply supported by evidence in the

record, and there can be little question but that appellee quit work because she was pregnant. Moreover, this Court is bound by the finding of fact in this case.

(Hn 2) This Court has heretofore held that a married woman who leaves her work because of pregnancy is considered to have voluntarily severed her employment, and without good cause within the meaning of Sec. 7379 (a), Code 1942, Rec., supra. See Ruth Luke v. Miss. Employment Security Commission, 239 Miss. 292, 123 So. 2d 231; Mattie B. Franklin v. Miss. Employment Security Commission, 242 Miss. 447, 136 So. 2d 197.

Judgment of the circuit court will therefore be reversed, and the order of the Board of Review reinstated, denying the application of appellee for employment security benefits.

Reversed and order of Board of Review reinstated.

*McGehee, C. J., and Kyle, Ethridge and Jones, JJ.,* concur.