MISSISSIPPI EMPLOYMENT SECURITY COMMISSION *v.* STAFFORD

No. 42833          December 9, 1963          158 So. 2d 55

*H. L. Hutcherson,* Jackson, for appellant.

*James S. Gore, McCraine & Fox,* Houston, for appellee.

JONES, J.

Appellee was employed by Delmeade Slack Company of Okolona. In October 1961, she left her employment so that she could take care of her mother who was suffering with cancer. She did take care of her mother

until the mother's death in February 1962. About three weeks later, appellee called the company and advised she was available for work. She was told that they would let her know when she was needed.

On February 27, 1962, she filed her initial claim for unemployment benefits. On March 6, 1962, her claim was disallowed on the ground that she had voluntarily left work in October 1961 because of the illness of her mother and that this was not good cause under the provisions of Sec. 5(a) of the law. She then filed application for reconsideration. This application was denied. She thereupon appealed to the Board of Review; a hearing was had before the appeals referee, where the appellee testified in person and her testimony is in accord with what has been heretofore stated. In other words, the facts are undisputed. The appeals referee affirmed the decision of the claims examiner. Appellee appealed from the decision of the referee, and the Board of Review set a date for hearing and gave notice to the appellee. She advised them that she could not be present at that hearing and she had nothing to add to what she had heretofore stated except she had been trying to find a job since February.

The Board of Review, after the hearing, affirmed the decision of the referee denying the claim. Thereupon appellee appealed to the circuit court by petition for review. The Commission answered the petition. After hearing the matter the circuit judge entered an order reversing the decision of the Board of Review of the Mississippi Employment Security Commission and entered judgment for appellee, directing that benefits be paid from February 25, 1962. From this order the Commission appealed.

Sec. 5(a) of the Mississippi Employment Security Law (Sec. 7379, Miss. Code of 1942, as amended), reads as follows:

''An individual shall be disqualified for benefits- -

"(a) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services (whether performed for an employer as in this act defined or otherwise) equal to not less than eight (8) times his weekly benefit amount, as determined in each case, provided that marital, filial, and domestic circumstances and obligations shall not be deemed good cause within the meaning of this subsection."

■■ The claim was denied for the reason that appellee's leaving work for the reason stated by her was a marital, filial or domestic circumstance or obligation, and, therefore, under this section could not be deemed good cause. This question has been settled by the following Mississippi cases: Luke v. Miss. Employment Security Commission, 239 Miss. 292, 123 So. 2d 231; Miss. Employment Security Commission v. Corley, 148 So. 2d 715.

■■ Some suggestion is made that there might be inferred from, or shown by, the evidence a leave of absence granted by the company, although claimant denied she asked for a leave of absence. However, a leave of absence is not mentioned by the statute and would not affect the result. Franklin v. Miss. Employment Security Commission, 242 Miss. 447, 136 So. 2d 197. The case is reversed and the order of the Board of Review is reinstated.

Reversed and order of Board of Review reinstated.

*Ethridge, Gillespie, McElroy and Rodgers, JJ.,* concur.