349 So.2d 1048 (1977)
Mary K. WHITEHEAD
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.
No. 49715.
Supreme Court of Mississippi.
September 14, 1977.
Anna C. Maddan, Jackson, for appellant.
Stephen L. Platt, Jackson, for appellee.
Before PATTERSON, SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from a judgment of the Circuit Court of Madison County. It affirmed a decision of the Board of Review of the Mississippi Employment Security Commission *1049 which denied Mrs. Mary K. Whitehead unemployment benefits.
The appellant, Mrs. Whitehead, was denied unemployment compensation benefits when Cornwall Corporation of Canton, Mississippi, went into bankruptcy ending her employment as well as that of other employees.
The appellant was employed by Cornwall as a production worker from 1973 until July 3, 1975, at which time she notified her supervisor that she was leaving work to have a baby. The maternity leave was approved and the appellant was advised by her supervisor as follows:
Q. She was a supervisor? Did she okay this leave for you?
A. She took it down on a piece of paper for the maternity leave, she knew I was going on maternity leave.
Q. Did she tell you that there would be a place for you when you came back?
A. Yes, she told me when I picked up my last check, she told me that she would be looking for you. (sic)
Q. She told you that she would be looking for you, and then, before you got back, the company closed down?
A. Yes sir.
Q. Have you tried, well, when did the doctor approve your ability to go back to work?
A. September the 25th.
Q. And since September the 25th, have you tried to find employment?
A. Yes sir.
Q. And have you been able to do so?
A. No sir.
Was appellant's employment terminated by the maternity leave or the bankruptcy of her employer? No claim is pressed for benefits during the interval of the maternity leave. We are of the opinion that the issue is disposed of by Smith v. Mississippi Employment Security Commission, 344 So.2d 137 (Miss. 1977), an almost identical case, wherein we approved the following:
"Hence the fundamental and underlying cause of Mrs. Middleton's unemployment following her application for reinstatement was not her prior condition of pregnancy but the then existing unavailability of work on the part of the employer, and it was only at this time that she `left (her) employment' and accordingly, such leave was for `good cause connected with (her) employment.' (Id. at 526, 211 So.2d at 636)"
(344 So.2d at 140)
We held:
... In this opinion, we hold only that Mrs. Smith's employment continued during her pregnancy, by virtue of an explicit agreement with her employer that she would be on leave of absence for three months and that she would have a job when she returned at the end of that period. Had she quit work without any such agreement, as in Luke and Corley [Luke v. Miss. Employment Security Comm., 239 Miss. 292, 123 So.2d 231; Miss. Employment Security Comm. v. Corley, 246 Miss. 43, 148 So.2d 715], she would be deemed to have left work voluntarily. In this case, Mrs. Smith and her employer agreed to continue her employment during her pregnancy. Her employment was terminated involuntarily at the end of her leave of absence because of the reduction in her employer's work force. Thus, the Commission clearly erred in holding that she left work within the meaning of the statute at the beginning of her pregnancy leave.
(344 So.2d at 140-141)
We conclude the appellant is entitled to unemployment benefits because her employment was not severed by the maternity leave. In view of this conclusion we do not reach the other assignments of error.
REVERSED AND RENDERED.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.