401 So.2d 1303 (1981)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
John BENSON, Jr.
No. 52710.
Supreme Court of Mississippi.
August 5, 1981.
Fred J. Lotterhos, Jackson, for appellant.
Thomas L. Booker, Terry L. Jordan, Philadelphia, for appellee.
Before SMITH and ROBERTSON, P. JJ., and BOWLING, J.
BOWLING, Justice for the Court:
Appellant, Mississippi Employment Security Commission, brings this appeal from *1304 the Circuit Court of Neshoba County. That court reversed the decision of the Board of Review of the Mississippi Employment Security Commission. The Board of Review had affirmed the commission's appeals referee which denied unemployment benefits applied for by appellee. We reverse and render judgment here for appellant.
Appellee was an experienced automobile body repairman. He had worked approximately twenty-two months for Savell Body Shop in Philadelphia. During the prior year he had made approximately $1,000 per month while working on a fifty percent commission basis for his employer. He was making approximately $200 per week on February 20, 1978, when he advised his employer that he was quitting because "the work just got slow." When asked, "Did you quit or did he lay you off?", appellee testified, "Naw, I quit." There was no contention by appellee that he was fired or that his job was terminated by his employer. The employer testified that appellee was a good body repairman and he was sorry appellee quit. They had had no personal disagreements of any kind. Appellee merely had quit because, according to him, the work was slow and he was "just tired of working for the general public and he was just going to take off for awhile."
The circuit court in its opinion reversing all agencies of the Employment Security Commission did not give a reason for that action, and we can find none in the record before us. Appellant advances two assignments of error; namely:
I. The decision of the Board of Review was supported by the evidence, correctly applied the law to the fact, and should not have been reversed by the circuit court.
II. The circuit court should not have ordered payments from the trust fund to a claimant who "quit" because "the work just got slow."
Section 71-5-3, Mississippi Code 1972 Annotated, sets out the reason for unemployment benefits being paid to an employee stating that funds are "to be used for the benefit of persons unemployed through no fault of their own."
Under Section 71-5-513, under the heading "Disqualification" we find the following:
A. An individual shall be disqualified for benefits:
(1) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services (whether performed for an employer as in this chapter defined or otherwise) equal to not less than eight (8) times his weekly benefit amount, as determined in each case, provided that marital, filial, and domestic circumstances and obligations shall not be deemed good cause within the meaning of this subsection.
In certain circumstances an employee who quits his job is entitled to unemployment compensation benefits. As said in 81 C.J.S., Social Security § 232:
A substantial reduction in earnings is generally regarded as good cause for leaving one's employment, and, hence, one who leaves for such reason is not disqualified for unemployment compensation on the ground of leaving his work voluntarily without good cause; but in this connection the surrounding circumstances should be considered in determining whether a particular reduction in pay constitutes good cause for leaving one's employment.
As this Court stated in Mississippi Employment Security Commission v. Fortenberry, 193 So.2d 142 (Miss. 1966):
The eligibility and disqualification provisions set out in the Mississippi Employment Security Law clearly indicate that this law is for the protection of persons who are part of the force of working employees who are ready, willing and able to perform their work, but who, through no fault of theirs, are not permitted to do so, and the law is not to be used to reward those who, for reasons of their own, refuse to work at suitable employment.
*1305 The courts are required to affirm the findings of the Board of Review of the Mississippi Employment Security Commission where those findings are supported by the evidence and properly applied to the law. Mississippi Employment Security Commission v. Fortenberry, supra; Mississippi Employment Security Commission v. Rakestraw, 254 Miss. 56, 179 So.2d 830 (1965); and Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 116 So.2d 213 (1959).
We find that the appellant commission's board of review was correct. Appellee was not entitled to unemployment compensation benefits when he admittedly quit because in his opinion the volume of his employer's work was not sufficient for his satisfaction. Undoubtedly, there was work to do at the shop when he quit for which he could have continued drawing his usual compensation.
We find that the circuit court was in error in reversing appellant's board of review. We therefore reverse the cause and render judgment here for appellant, who through its board of review denied compensation benefits to appellee.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.