407 So.2d 109 (1981)
Linda F. TATE
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Billy Neal D/B/A Billy Neal's Spud and Sud.
No. 53200.
Supreme Court of Mississippi.
December 16, 1981.
*110 Barry H. Powell, Jackson, for appellant.
Fred J. Lotterhos, Jackson, for appellee.
Before PATTERSON, SUGG and LEE, JJ.
LEE, Justice, for the Court:
Linda F. Tate has appealed from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, affirming the decision of the Mississippi Employment Security Commission Board of Review, which affirmed the decision of the appeals referee, denying benefits to claimant. She has appealed and assigns the following error in the judgment of the lower court:
The court erred in upholding the finding of the Mississippi Employment Security Commission (MESC) that appellant did not have good cause voluntarily to leave her employment when her hours of work were cut to the point that she no longer could pay the necessary expenses of her employment.
The 24-year-old claimant was employed as a cook for Billy Neal's Spud & Sud, Jackson, Mississippi for a period of eight weeks. During that time, she worked approximately five and one-half hours per day, five days a week, at an hourly wage of $3.10. During November 1980 her working hours were reduced to the extent that she worked approximately three hours per day, four days a week, at $3.10 per hour. She advised her employer that she was unable to continue working because she could not afford to pay for the care of her children and other living expenses on her income. She voluntarily quit her job on November 11, 1980. Claimant testified that she was required to pay $50 a week for care of her children while she was working and that her rent amounted to $59 per week. She lived in a government low-income housing complex but was required to pay her own utility bills. After leaving Billy Neal's Spud & Sud, claimant applied for work at a local Sunflower Food Store without success.
The claims interviewer found that when claimant's work hours were cut, she had insufficient earnings to provide child care and justify working, that the employer stated claimant had just cause to quit because of the work hours cut, and the claims interviewer recommended payment of benefits to claimant.
The claims examiner reviewed the finding of the claims interviewer and disqualified claimant because she failed to show that she terminated her employment for good cause. On December 23, 1980, a hearing was held before an appeals referee, who sustained the decision of the claims examiner. On February 19, 1981, the MESC Board of Review affirmed the decision of the appeals referee, and that decision was affirmed by the Circuit Court of Hinds County on June 8, 1981.
Mississippi Code Annotated section 71-5-513A (Supp. 1981) provides the following:
A. An individual shall be disqualified for benefits:
(1) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services (whether performed for an employer as in this chapter defined or otherwise) equal to not less than eight (8) times his weekly benefit amount, as determined in each case, provided that marital, filial, and domestic circumstances and obligations shall not be deemed good cause within the meaning of this subsection. Pregnancy shall not be deemed to be a marital, filial or domestic circumstance for the purpose of this subsection.
*111 Mississippi Code Annotated section 71-5-3 (1972) states public policy reasons of the Mississippi Employment Security Law to be:
The funds are "to be used for the benefit of persons unemployed through no fault of their own."
MESC states the question concisely:
The issue in this case was a simple one. Does an unemployment insurance claimant have the right under the law to quit a job when the hours are reduced, and draw benefits? Or should she look for a job with more hours and more pay, and keep the job she had until she found a better one?
Among other cases cited by MESC is the recent case of Mississippi Employment Security Commission v. Benson, 401 So.2d 1303 (Miss. 1981), where the Court said:
In certain circumstances an employee who quits his job is entitled to unemployment compensation benefits. As said in 81 C.J.S. Social Security § 232:
"A substantial reduction in earnings is generally regarded as good cause for leaving one's employment, and, hence, one who leaves for such reason is not disqualified for unemployment compensation on the ground of leaving his work voluntarily without good cause; but in this connection the surrounding circumstances should be considered in determining whether a particular reduction in pay constitutes good cause for leaving one's employment." (401 So.2d at 1304)
And:
Undoubtedly, there was work to do at the shop when he quit for which he could have continued drawing his usual compensation. (401 So.2d at 1305) (Emphasis added.)
The Benson case may be distinguished from the case sub judice. There the claimant worked as an automobile body repairman on a 50% commission basis. He was making approximately $200 per week when he advised his employer that he was quitting because the work just got slow. Under the facts of that case, the claimant obviously left his employment without good cause.
Courts of other jurisdictions have held that a claimant leaving employment because of a substantial reduction in earnings constitutes good cause for purposes of unemployment compensation eligibility. In Edwards v. Commonwealth, Unemployment Compensation Board of Review, 35 Pa. Cmwlth. 647, 387 A.2d 510 (1978), a 50% reduction in wages was held to constitute a necessitous and compelling reason for a claimant to leave his employment and still be qualified for unemployment compensation benefits. See also Tombigbee Lightweight Aggregate Corp. v. Roberts, 351 So.2d 1338 (Ala. Civ. App. 1977).
In the case sub judice, when the claimant's work hours were reduced by her employer approximately 50% and below the cost of hiring an individual to care for her children while she worked, common sense dictates that she should return home and keep the children herself rather than work at a loss. She was required to quit her employment under those circumstances as surely as if she had been terminated by her employer because of economic conditions.[1]
The facts are different from those in Mississippi Employment Security Commission v. Stafford, 248 Miss. 95, 158 So.2d 55 (1963). There, the claimant was denied unemployment compensation benefits because she left her employment to take care of her mother who was suffering with cancer. The Court held that she left her work voluntarily as the result of her "marital, filial or domestic circumstances or obligation" and therefore, under Mississippi Code Annotated section 71-5-513A(1), supra, the reason for terminating her employment could not be considered as good cause. In the case sub judice, claimant did not leave her job for the prime purpose of looking after her children, but when her hours were reduced to the point where child care expense *112 exceeded the amount she earned, this factor became a direct part of the employment consideration.
The fact that claimant collected money under the Aid to Dependent Children program, lived in a low-income rental project, and received subsidies from the federal and state governments is not relevant to the question of whether or not claimant left her employment voluntarily without good cause.
We are of the opinion that the lower court erred in affirming the appeal agencies of the Mississippi Employment Security Commission and in declining to reinstate the findings of the claims interviewer. Therefore, the judgment of the lower court is reversed and judgment is rendered here in favor of claimant.
REVERSED AND RENDERED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM and HAWKINS, JJ., concur.
BOWLING, J., took no part.
NOTES
[1] The employer stated that his business had decreased to the extent that he was required to reduce the claimant's work hours.