580 So.2d 1230 (1991)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and United States Postal Service.
v.
Annell Gaines.
No. 89-CC-1030.
Supreme Court of Mississippi.
May 3, 1991.
*1231 Jan Garrick, Pshon Barrett, Asst. U.S. Atty., George L. Phillips, U.S. Atty., Jackson, Sandra Walton Bowens, Memphis, Tenn., for appellant.
Leon Mangum, Decatur, for appellee.
Before DAN M. LEE, P.J., and McRAE and BANKS, JJ.
BANKS, Justice, for the Court:
Here we are faced with the question of whether the voluntary retirement of a person who remains available for suitable work disqualifies that person for unemployment benefits where the retirement is induced by the fact that the retirement benefits far exceeded her earnings from the two hours per week that she was permitted to work. Under the circumstances of this case we hold that it does.

I.
On October 13, 1988, the unemployment compensation claims office issued a decision disqualifying Ms. Annell Gaines from receiving unemployment compensation benefits. Ms. Gaines appealed this decision to the Mississippi Employment Security Commission, and a hearing was held before an Appeals Referee on November 9, 1988. Appeals Referee G.A. Gilly affirmed the decision of the claims examiner disqualifying Ms. Gaines for benefits because she left work voluntarily without good cause to receive retirement benefits which exceeded her wages. His findings of fact are rather sparse and are set forth here in their entirety.
Claimant was employed by the U.S. Postal Service, Decatur, MS, twenty-four years as a part-time postal clerk earning $14.30 per hour. Her last day of employment was August 1, 1988, at which time she resigned to retire from the Postal Service. Claimant's number of hours worked each week had been reduced according to union contract to no less than 2 hours per week. Claimant's retirement benefits were greater than her two hours earnings per week and she chose to retire.
*1232 In conclusory fashion, unrelated to any of the facts found, the referee decided that "good cause" had not been proven by Gaines.
The Board of Review subsequently adopted the Referee's Findings of Fact and Opinion. Relying on our decision in Tate v. Mississippi Employment Security Commission 407 So.2d 109 (Miss. 1981) the Circuit Court of Newton County reversed the Board's decision holding that the Referee had improperly applied the law to his findings. The Mississippi Employment Security Commission and the United States Postal Service appeal that holding and assert the following assignments of error:
I. THERE IS SUBSTANTIAL EVIDENCE TO SUPPORT THE FINDING OF THE APPEALS REFEREE, AFFIRMED BY THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION BOARD OF REVIEW, THAT MS. GAINES VOLUNTARILY RETIRED TO RECEIVE RETIREMENT BENEFITS WHICH EXCEEDED HER WAGES.
II. THE CIRCUIT COURT ERRED IN FINDING THAT THE DECISION OF THE APPEALS REFEREE, WHICH WAS ADOPTED AND AFFIRMED BY THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION BOARD OF REVIEW, IMPROPERLY APPLIED THE LAW TO THE FACTS.
III. THE CIRCUIT COURT ERRED IN ORDERING PAYMENT FROM THE TRUST FUND TO A CLAIMANT WHO VOLUNTARILY RETIRED TO COLLECT MORE IN RETIREMENT BENEFITS THAN SHE WOULD HAVE RECEIVED IN WAGES.
These assignments are properly considered as one issue: whether the circuit court misapprehended the law in concluding on the facts presented, that Ms. Gaines is eligible for benefits.

II.
The facts in this case are undisputed. Ms. Annell Gaines worked as a part-time postal clerk for the United States Postal Service in Decatur, Mississippi, for nearly twenty-four (24) years. As a part-time flexible employee, Ms. Gaines was required to work flexible hours as assigned to supplement the regular work force. A collectively bargained contract guaranteed Ms. Gaines a minimum of two hours of work per pay period. Ms. Gaines testified that during the five year period immediately preceding her retirement she had averaged two (2) to four (4) hours of work per week, primarily on Saturdays.
When Ms. Gaines reached sixty (60) years of age, the Decatur, Mississippi Postmaster, Jodie Jacobs, advised her that she was eligible to retire. After she and Mr. Jacobs reviewed her retirement annuity printout, Mr. Jacobs "commented" that Ms. Gaines could receive more in retirement benefits than in wages from working her part-time job. Ms. Gaines admitted that Mr. Jacobs never told her to retire.
Further testimony from Ms. Gaines indicated that Mr. Jacobs informed Ms. Gaines of the possibility that her hours "might" be cut and she "assumed" that they would be, but she testified that Mr. Jacobs never told her directly that her hours would be cut. Mr. Jacobs denied any implication that Ms. Gaines' hours would be cut. He testified that any hours which would have been cut would have been lost in mail dispatch which is work done by another clerk in the afternoon. The MESC did not resolve this factual conflict to the extent that it is a conflict.

III.
This Court has stated clearly on numerous occasions that an agency's findings may not be disturbed by appellate courts where in the absence of fraud the factual conclusions are supported by substantial evidence and the relevant law was properly applied to the facts. See Shannon Eng. & Const. v. Mississippi Employment Sec. Comm'n, 549 So.2d 446, 449 (Miss. 1989); Mississippi Employment Sec. Comm'n v. Pulphus, 538 So.2d 770, 772 (Miss. 1989); Mississippi Employment Sec. Comm'n v. Sellers, 505 So.2d 281, 283 (Miss. 1987); Wheeler v. Arriola, 408 So.2d 1381, 1384 (Miss. 1982); Mississippi Employment Sec. *1233 Comm'n v. Fortenberry, 193 So.2d 142, 143 (Miss. 1966). Thus, in reviewing an order from the Board of Review of the Employment Security Commission, both the Circuit Court and this Court are limited to the Board's findings as long as those findings are supported by substantial evidence.
Here the cryptic findings of fact designated as such avail us nothing. No contested issues were resolved and the findings fall far short of supporting a conclusion that the circumstances were such that it could be found that her leaving was without good cause. Moreover, the Board of Review has misallocated the burden of proof in this regard.
In its decision the Board of Review states that "she [referring to Ms. Gaines] has not proven good cause" allocating the burden of proof to the claimant. Our statutory scheme and the prior decisions of this Court dictate otherwise. Under Miss. Code Ann. § 71-5-511 (1972), an individual need only show that she has been paid wages during a base period for insured work, she is unemployed and registered for work and that she "is able to work and is available for work" in order to be eligible for unemployment benefits. Section 71-5-513 provides for certain disqualifications for persons otherwise eligible, including the disqualification for leaving work "voluntarily without good cause." In this jurisdiction, the burden of proof is on the employer to show by substantial, clear and convincing, evidence that the claimant is disqualified. Shannon Eng. & Const. v. Employment Sec. Comm'n, 549 So.2d 446 (Miss. 1989).
Ordinarily a judgment based on a misallocation of the burden of proof would be reversed for reconsideration on application of the pertinent standard. In the instant case, however, there is no significant factual dispute and remand is therefore unnecessary. The clear facts dictate the only result that the MESC could justly reach.

IV.
Questioning the Commission's application of law to the facts, the Circuit Court determined that the law was applied improperly based on the decision in Tate v. Mississippi Employment Sec. Comm'n, 407 So.2d 109 (Miss. 1981). In Tate, a cook who had been employed for eight (8) weeks and worked approximately five and one-half (5 1/2) hours per day, five (5) days per week, had her hours cut to approximately three (3) hours per day, four (4) days per week. Because of the cut in hours she left her employment. The Appeals Referee and the Board of Review denied her benefits based on their finding that she had not demonstrated "good cause" for leaving. The Court found otherwise, however. This Court held that the cost of child care exceeded her reduced earnings; therefore, she had good cause for leaving since it was no longer feasible to work.
The Court in Tate wrote:
In certain circumstances an employee who quits his job is entitled to unemployment compensation benefits. As said in 81 C.J.S. Social Security, § 232: "A substantial reduction in earnings is generally regarded as good cause for leaving one's employment, and hence, one who leaves for such reason is not disqualified for unemployment compensation on the ground of leaving his work voluntarily without good cause; but in this connection the surrounding circumstances should be considered in determining whether a particular reduction in pay constitutes good cause for leaving one's employment."
Id. at 111 (citing Mississippi Employment Sec. Comm'n v. Benson, 401 So.2d 1303, 1304 (Miss. 1981)) (This Court reversed the Circuit Court holding that the claimant was not entitled to unemployment compensation benefits when the claimant quit his employment because he believed "the work just got too slow.").
The Circuit Court properly considered the application of Tate to the circumstances of this case. Where an employee's hours have been drastically reduced to a point that there is no continued employment in any real sense that employee may be eligible for benefits. The fact that such an employee chooses retirement rather than resignation as a manner of effectuating a termination of employment may be considered *1234 but is not controlling on the issue whether that termination was with or without good cause. The question is in all instances whether there is a "good cause" factor but for which there would have been no relinquishment of employment. The availability of retirement benefits in excess of salary is not such a "good cause" factor. That availability does not, however, negate the possibility that some other good cause factor exists. To the extent that there is prima facie evidence of some other "good cause" factor, the burden is upon the employer to negate it as a "but for" cause of quitting.
Unfortunately for Ms. Gaines, the application of these principles to the facts of her case results in an affirmation of the conclusion reached by the MESC. According to the undisputed evidence, Ms. Gaines did not leave the Postal Service because of a significant reduction in her salary. For at least two full years and, by her admission five years, Ms. Gaines had worked two to four hours per week. She was told that hours might be cut back, but she testified that she was never told her hours were going to be cut. Ms. Gaines worked only on Saturdays. Presumably, she was available for other employment during the regular work week for the past five years. She also drew part time unemployment while working at the post office. Because there was no change in Ms. Gaines' employment status, then, there is simply no evidence that any good cause factor played a role in her decision to relinquish her employment.

V.
The eligibility and disqualification provisions set out in the Mississippi Employment Security Law clearly indicate that this law is for the protection of persons who are part of the force of working employees who are ready, willing and able to perform their work, but who, through no fault of theirs, are not permitted to do so, and the law is not to be used to reward those who, for reasons of their own, refuse to work at suitable employment.
Mississippi Employment Sec. Comm'n v. Fortenberry, 193 So.2d 142, 144 (Miss. 1966). See also Miss. Code Ann. § 71-5-3 (1972).
The undisputed facts lead inexorably to the conclusion that Ms. Gaines voluntarily left her employment with the Postal Service, not because of a significant reduction in her salary, but because of the significant increase in income she would receive if she retired. Unemployment compensation benefits were not designed to assist claimants such as Ms. Gaines. For the foregoing reasons this Court reverses the judgment of the Newton County Circuit Court and reinstates the decision of the Board of Review.
REVERSED AND DECISION OF THE BOARD OF REVIEW OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION REINSTATED.
ROY NOBLE LEE, C.J., and HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN and McRAE, JJ., concur.