PAYNE, J.,
for the Court:
PROCEDURAL POSTURE
¶ 1. This case is on appeal from the Rankin County Circuit Court’s reversal of the decisions of the Mississippi Employment Security Commission’s (MESC) claims examiner, referee, and review board denying Sojourner unemployment compensation benefits. The circuit court ordered the MESC to pay benefits to Sojourner. Feeling aggrieved, the MESC timely filed this appeal raising the following issue:
WHETHER THE CIRCUIT COURT ERRED BY FINDING THAT THE EMPLOYER, ST. CATHERINE’S VILLAGE, FAILED TO PROVE BY SUBSTANTIAL EVIDENCE THAT THE APPELLANT/PLAINTIFF, CARL SOJOURNER, COMMITTED DISQUALIFYING MISCONDUCT PURSUANT TO M.C.A. § 71-5-513(A)(1)(B) (REVISED 1995) BY VIOLATING THE EMPLOYER’S POLICIES AGAINST REMAINING ON THE PREMISES AND ENTERING THE ALZHEIMER PATIENT’S RESIDENCE AFTER HIS SHIFT ENDED?
¶2. Finding an abuse of discretion by the circuit court judge, we reverse and render his decision and reinstate MESC’s denial of benefits to Sojourner.
FACTS
¶ 3. Carl Sojourner was employed as a security officer/maintenance technician with St. Catherine’s Village for approximately three years. He was discharged for violating company policy of remaining on the company premises after his shift ended, specifically in the area known as Campbell Cove, a special area for Alzheimer patients. Sojourner maintained that he was in the area in order to spray for ants. After taking testimony from Sojourner and Sojourner’s supervisors and co-workers, the examiner denied benefits under Miss. Code Ann. § 71-5-513(A)(l)(b) allowing for such denial where the employee is discharged for misconduct related to his employment. The appeals officer and the review board sustained the examiner’s decision. However, the Rankin County Circuit Court reversed the three administrative decisions and ordered Sojourner be paid unemployment benefits. MESC seeks this Court’s relief from the circuit court’s decision.
STANDARD OF REVIEW
¶ 4. Our standard for reviewing the findings and decisions of an administrative agency such as the MESC is abundantly clear. Miss.Code Ann. § 71-5-531 (Supp. 1998) sets forth the parameters of the judicial review of board of review findings: “In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be con- *798 elusive, and the jurisdiction of said court shall be confined to questions of law.”
¶ 5. Apart from the statute, this Court has spoken to the limited standard of review of MESC proceedings: “The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee’s constitutional rights.” Mississippi Employment Security Commission v. Noel, 712 So.2d 728, 730 (Miss.Ct.App.1998) (citing Miss. Comm’n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). The MESC’s decision is re-buttably presumed to be correct. Id.
¶ 6. Further, by our Mississippi Supreme Court in Mississippi Employment Sec. Comm’n v. Gaines, 580 So.2d 1230, 1234 (Miss.1991), the Mississippi Employment Security Law was designed to give some protection to workers who, through no fault of their own, could not continue in their employment. The burden of proving misconduct by clear and convincing evidence rests with the employer. Sprouse v. Mississippi Employment Sec. Comm’n, 639 So.2d 901 (Miss.1994).
¶ 7. Under Mississippi’s Unemployment Compensation Law, a person is disqualified from receiving benefits if he is discharged from employment for misconduct connected with his work. Miss.Code Ann. § 71-5-513(A)(l)(b) (Rev.1995). Substantial and credible evidence was presented to the MESC by several employees of St. Catherine’s that supported the denial of benefits based on Sojourner’s violation of company policy. First, Jerry Ellis, St. Catherine’s director of environmental services, testified that Sojourner was discharged for “neglect of duty and possible abuse ... neglect of residents.” Ellis testified that Sojourner had been specifically instructed, verbally, not to go into the Campbell Cove area. Further, St. Catherine’s employee handbook prohibits remaining on the business property more than fifteen minutes before and after a worker’s shift ends. Second, Thomas Wilburn, Sojourner’s direct supervisor, testified that Sojourner was told by him not to enter Campbell Cove unless called by a nurse to come there. Peggy McGruder, a certified nursing assistant for St. Catherine’s, testified that she saw Sojourner in the Campbell Cove area at after 1:00 a.m. on July 18, 1997; however, she did not know whether or not Sojourner was called there by the Campbell Cove supervisor to come to the unit. Lowvonee Ross, also a certified nursing assistant for St. Catherine’s, testified that she saw Sojourner in Campbell Cove at 1:00 a.m. on July 18, 1997, and that he stayed there for approximately two hours watching television. At one point, the door bell rang, and Ross maintains that Sojourner scurried to hide, later commenting that he thought that was the night nurse making a supervisory visit. Ross testified that Sojourner did not perform any work while in the Campbell Cove in the early morning hours of the day in question.
¶ 8. Sojourner testified in his own behalf. He said that his shift on the day in question ended at 12:30 a.m., but that he was called over the Campbell Cove near the end of his shift, specifically at two minutes after 12:00 a.m., to spray for ants, which he did do. However, Sojourner asserts that he left the St. Catherine property when his shift ended at 12:30 a.m. that evening. Sojourner acknowledged receiving the St. Catherine’s employee manual and reading the portion dealing with remaining on the premises beyond one’s shift. Sojourner maintains that neither Ellis nor Wilburn ever told him not to go to Campbell Cove unless he was called to go there; however, Sojourner denied neglecting, abusing, or endangering any of the Campbell Cove residents. Sojourner maintains that Ross was coached in her testimony and that Ross lied under oath, and that Ellis gave untruthful testimony. Sojourner also cites other incidents of alleged violations of St. Catherine’s employ *799 ment policies by other workers who were ■ not fired.
¶ 9. However, our review of the record finds sufficient evidence supportive of MESC’s denial of Sojourner’s unemployment claims. Sojourner admitted that he was aware of the St. Catherine policy about leaving the property within fifteen minutes of the end of a work shift. While he maintains that he did not violate this policy, two witnesses told a much different story. The examiner had the opportunity to assess the credibility of all the witness and to weigh the evidence presented, and in so doing, determined that a denial of Sojourner’s claim was appropriate. Sojourner failed to rebut MESC’s decision before the circuit court, and the circuit erred in overturning the MESC’s denial of benefits.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF RANKIN COUNTY IS REVERSED AND RENDERED, AND THE DECISION OF THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION DENYING BENEFITS IS REINSTATED.
McMILLIN, C.J., KING AND SOUTHWICK, PJJ, BRIDGES, DIAZ, IRVING, LEE, AND THOMAS, JJ., CONCUR.
COLEMAN, J., NOT PARTICIPATING.