749 So.2d 1225 (1999)
Jerry R. HUX, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Fountain Electric/Brookhaven, Appellees.
No. 1998-CC-01888-COA.
Court of Appeals of Mississippi.
September 14, 1999.
Beverly D. Poole, Jackson, Attorney for Appellant.
Albert B. White, Madison, William I. Gault, Jr., Attorneys for Appellees.
BEFORE McMILLIN, C.J., BRIDGES, AND PAYNE, JJ.
PAYNE, J., for the Court:

PROCEDURAL POSTURE
¶ 1. This case is on appeal from the Lincoln County Circuit Court's affirmance of the decisions of the Mississippi Employment Security Commission's (MESC) claims examiner, referee, and review board denying Hux unemployment compensation benefits after his discharge for failing to obey a directive from his supervisors. Feeling aggrieved, Hux perfected this appeal challenging the denial of benefits on the basis of his alleged unequal treatment as compared to other workers in similar circumstances and alleging that his conduct was not so wilful, wanton, careless, or negligent to manifest wrongful intent or *1226 evil design to the detriment of the employer's interest.
¶ 2. Unmoved by Hux's arguments, we affirm the denial of benefits.

FACTS
¶ 3. Hux began employment with Fountain Construction Company, a contractor of Delphi-Packard in Brookhaven, on January 2, 1990, and remained in Fountain's employ until his discharge on January 22, 1998. After unsuccessfully seeking unemployment compensation benefits, Hux appealed the denial of benefits by the examiner to the appeals referee.
¶ 4. The appeals referee held a hearing February 25, 1998. Gayle Smith, the superintendent over Fountain's Brookhaven operation, testified that Hux was counseled on "several occasions" by him and his foreman to avoid "spending too much time" in the work area of a particular married female employee of Delphi-Packard, Leslie Porter. According to Smith, Hux's wife had confronted Hux at the plant and demanded to see Porter and there was concern about workplace violence that may flow from Hux's relationship with Porter.
¶ 5. Despite the warnings, Hux did not modify his behavior. One of Packard's employees later told a maintenance foreman that Hux and Porter had been "entirely too friendly" in a designated smoking area. Hux was informed again about the seriousness of the situation. In an effort to alleviate the problem, Hux's shift was changed to days so that he and Porter, who worked the night shift, would not have the opportunity to fraternize. On January 5, 1998, Smith arrived at work around 6:50 a.m. and noticed Hux and Porter together in the smoking area for what was the third consecutive morning. Later that morning, Smith was informed by Allen Wallace, a plant engineer, that Porter's husband had confronted her that morning, creating another potential workplace violence issue. Smith was contacted by Delphi-Packard management again and told that something had to be done about Porter and Hux. Smith contacted Alton Ware, Fountain's executive vice-president, who had issued a previous warning to Hux about his behavior, who recommended that Smith terminate Hux, which Smith did.
¶ 6. Hux maintained he had done nothing wrong and judged his conduct by that of other employees. Hux testified that once he was warned, he avoided Porter except on a couple of occasions when he saw her by chance while getting coffee from the break room or in the designated smoking area near the sign-in area. Hux did not feel his contact with Porter was serious enough to cost him his job.

ANALYSIS AND DISCUSSION
¶ 7. Our standard for reviewing the findings and decisions of an administrative agency such as the MESC is abundantly clear. Miss.Code Ann. § 71-5-531 (Supp. 1998) sets forth the parameters of the judicial review of board of review findings: "In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."
¶ 8. Apart from the statute, this Court has spoken to the limited standard of review of MESC proceedings: "The denial of benefits may be disturbed only if (1) unsupported by substantial evidence, (2) arbitrary or capricious, (3) beyond the scope of power granted to the agency, or (4) in violation of the employee's constitutional rights." Mississippi Employment Sec. Comm'n v. Noel, 712 So.2d 728, 730 (Miss.Ct.App.1998) (citing Mississippi Comm'n on Envtl. Quality v. Chickasaw County Bd. of Supervisors, 621 So.2d 1211, 1215 (Miss.1993)). The MESC's decision is rebuttably presumed to be correct. Id.
¶ 9. Further, our supreme court in Mississippi Employment Sec. Comm'n v. Gaines, 580 So.2d 1230, 1234 (Miss.1991) noted that the Mississippi Employment *1227 Security Law was designed to give some protection to workers who, through no fault of their own, could not continue in their employment. The burden of proving misconduct by clear and convincing evidence rests with the employer. Sprouse v. Mississippi Employment Sec. Comm'n, 639 So.2d 901, 902 (Miss.1994).
¶ 10. Under Mississippi's Unemployment Compensation Law, a person is disqualified from receiving benefits if he is discharged from employment for misconduct connected with his work. Miss.Code Ann. § 71-5-513(A)(1)(b) (Rev.1995). Given the expressed concerns of the employer with workplace violence coupled with the two incidents involving the spouses of Hux and Porter, the employer was not unreasonable in directing Hux to avoid contact with Porter. Substantial and credible evidence was presented to the MESC that Hux failed to abide by directives to avoid having contact with Porter. Regardless of how innocent Hux believed the contact to be, the fact remains that Hux failed to abide by orders to avoid contact with Porter. As this was the basis of his discharge, we cannot say that the circuit court erred in sustaining the denial of unemployment compensation to Hux. The denial of benefits is affirmed.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, IRVING, LEE, MOORE, AND THOMAS, JJ., CONCUR.