MISSISSIPPI EMPLOYMENT SECURITY COMMISSION v. RAKESTRAW

No. 43669          November 15, 1965          179 So. 2d 830

*H. L. Hutcherson*, Jackson, for appellant.

*J. E. Boone,* New Albany, for appellee.

SMITH, J.

This case arose out of the claim of appellee, Mildred Rakestraw, for unemployment compensation benefits under the Mississippi Employment Security Commission Law, Mississippi Code Annotated sections 7368-7445 (Supp. 1964).

The claim was denied by the Commission and such denial was affirmed by the Appeals' Referee and the Board of Review of the Mississippi Employment Security Commission upon the ground that appellee had quit her job voluntarily without good cause.

Upon appeal to the Circuit Court of Union County, the court entered a judgment which reversed the decision of the Board of Review and directed that unemployment compensation benefits be paid to appellee. The Mississippi Employment Security Commission has appealed here from that judgment.

The province of the courts in reviewing the cases under these statutes is clearly defined and limited to dealing with questions of law. Mississippi Code Annotated section 7388 (Supp. 1964) reads in part as follows:

"In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law."

In Miss. Employ. Sec. Com. v. Blasingame, 237 Miss. 744, 747, 116 So. 2d 213, 214 (1959), the court said:

"The scope of review by the courts on an appeal from an order of the Board of Review is set out in the statute. . . . The legislature has clearly provided that judicial review of decisions of the Board of Review shall be confined to questions of law.

"The question is whether the order of the Board of Review denying benefits to appellee is supported by evidence."

In the case before us, the circumstances of appellee's separation from her employment in the office of the manager of a garment plant were fully developed in the evidence which included the testimony of appellee and of the plant manager. Based upon this evidence, the Board of Review found as a fact that appellee had not been discharged from her employment, but had quit suitable employment voluntarily without good cause within the meaning of Mississippi Code Annotated section 7379 (Supp. 1964). The Board concluded that this fact disqualified her from receiving unemployment compensation benefits.

██ ██ We have reviewed the record of the evidence upon which the Board of Review based its conclusions. It is our opinion that this evidence amply supports the factual finding of the Board of Review that appellee quit suitable employment voluntarily without good cause and was not discharged. This finding of fact by the Board of Review is supported by evidence and in the absence of fraud is conclusive upon the courts of this state.

■ ■ The Board had before it the testimony of the appellee and of the plant manager. From this testimony the conclusion is inescapable that appellee quit her job in a moment of pique during a brief misunderstanding with the plant manager, at a time when she was being asked by him to return to work. The Board of Review was correct in its conclusion that this disqualified her under Mississippi Code Annotated section 7376 (Supp. 1964) to receive unemployment compensation benefits.

Reversed and order of the Commission, as affirmed by the Appeals' Referee and the Board of Review, reinstated.

Reversed and order of the Mississippi Employment Security Commission reinstated.

*Lee, C. J., and Rodgers, Patterson and Inzer, JJ.,* concur.