193 So.2d 142 (1966)
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION
v.
Ava Nell FORTENBERRY.
No. 44181.
Supreme Court of Mississippi.
December 5, 1966.
Suggestion of Error Overruled January 9, 1967.
H.L. Hutcherson, Jackson, for appellant.
Laurel G. Weir, Philadelphia, for appellee.
PATTERSON, Justice:
This is an appeal from the Circuit Court of Neshoba County, Mississippi, and from a final judgment entered February 8, 1966, reversing the decision of the Board of Review of the Mississippi Employment Security Commission. The judgment, in effect, ordered the Commission to pay appellee unemployment compensation.
The claim came to the trial court from the administrative agency under the following circumstances: The appellee was working as a seamstress in the garment plant of *143 Garan, Incorporated, at Philadelphia, Mississippi, where she had been employed for more than a year. On January 12, 1965, at a time just prior to the noon hour, Mary Alice Rowell, a supervisor over the sewing machine operators, reprimanded Katherine Ables, one of the operators. During this conversation, the supervisor shook her finger at Katherine Ables and pointed her finger at a certain machine and said: "That machine will sew." Thereafter, during the noon hour, and a short time before the work began, the supervisor observed the appellee, shaking her finger at Katherine Ables and heard her say: "Get to your machine and go to work." After the work was resumed, the supervisor went to the machine being operated by the appellee and told her that she did not think it was very nice to mock her during the lunch hour. The appellee said she did not think it was very nice for the supervisor to talk to the girl the way she did. Appellee called the supervisor a few minutes later and again stated that she did not think it was nice for her to talk to the girl the way she did. The supervisor then told appellee that the matter was of no concern to her, that her job was to sew. Whereupon, appellee told the supervisor that she "was ready to get in it." The supervisor reported the incident to the forelady, Merle White. The forelady arranged a meeting with Mr. Kuykendall, the plant manager, and the appellee was called to this meeting. The appellee denied that she was mocking the supervisor, Mary Alice Rowell. Appellee testified that she was advised that she would be required to apologize to the supervisor and she refused. The other witnesses denied this. The plant manager told the supervisor and appellee to go home, cool off, and come back the next morning. The appellee stated that she would not come back the next morning to be fired, that if she were to be fired, it would have to be then; whereupon she demanded her pay and left. She came back late the next day but did not go to work because, as she claims, she was required to apologize to the supervisor and she refused to do so. She said: "I don't think that, just because she was forelady, that anybody had to look up to her and beg to work."
The referee rejected the claim upon the ground that the appellee was discharged because of misconduct during working hours. The appellee appealed to the Mississippi Employment Security Commission Board of Review from the decision of the referee, and a hearing was had and evidence taken in compliance with Mississippi Code Annotated section 7384 (Supplement 1964). The Board of Review decided that the appellee was not entitled to receive benefits under the provisions of the Mississippi Employment Security Law for the reason that the claimant "did voluntarily leave her employment for she demanded her check before it was due and failed to return to work. We do not find that there was anything arising in the situation that warranted her leaving." The Commission reversed and modified the decision of the referee as to the finding of misconduct.
Upon appeal to the circuit court, the trial judge entered an order reversing the decision of the Board of Review upon the ground that the appellee did not leave her job voluntarily.
In the outset, we are confronted with the rule that the order of the Board of Review, as to facts, if supported by evidence, and in the absence of fraud, is conclusive upon the trial court on review. Mississippi Employment Sec. Comm'n v. Blasingame, 237 Miss. 744, 116 So.2d 213 (1959); Miss. Code Ann. § 7388 (Supp. 1964). There can be no doubt that there is evidence of record from which the Commission could reasonably determine that the appellee voluntarily severed connection with her employment at Garan, Incorporated. We are therefore confined to questions of law presented by this appeal.
The Board of Review held that the appellee was subject to disqualification under Mississippi Code Annotated section 7379 *144 (Supplement 1964). This section, in part, is as follows:
"An individual shall be disqualified for benefits 
"(a) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the commission, and for each week thereafter until he has earned remuneration for personal services (whether performed for an employer as in this act defined or otherwise) equal to not less than eight (8) times his weekly benefit amount, as determined by each case, provided that marital, filial, and domestic circumstances and obligations shall not be deemed good cause within the meaning of this subsection."
There is nothing in the record to show that the supervisor, forelady, or anyone, abused, or caused the appellee to quit her employment. Although the report of the employer indicated that the appellee was discharged for "misconduct", nevertheless, the evidence indicates, and the Commission determined as a fact, that the appellee voluntarily demanded and received her compensation before it was due, and did not return to her employment for reasons of her own.
The eligibility and disqualification provisions set out in the Mississippi Employment Security Law clearly indicate that this law is for the protection of persons who are part of the force of working employees who are ready, willing and able to perform their work, but who, through no fault of theirs, are not permitted to do so, and the law is not to be used to reward those who, for reasons of their own, refuse to work at suitable employment.
We have reached the conclusion from the facts and the foregoing statutory requirement that the petitioner, appellee here, is not entitled to the benefits allowed under the Mississippi Employment Security Law; that the judgment of the circuit court allowing such benefits to appellee must be reversed, and the order of the Board of Review disallowing such benefits must be and is hereby reinstated. Mississippi Employment Sec. Comm'n v. Rakestraw, 254 Miss. 56, 179 So.2d 830 (1965).
Judgment of the circuit court is reversed and the order disallowing the claim of appellee is reinstated.
Reversed and Judgment Here Disallowing Claim of Appellee.
ETHRIDGE, C.J., and RODGERS, SMITH and ROBERTSON, JJ., concur.