465 So.2d 1062 (1985)
PIGGLY WIGGLY OF BAY SPRINGS and Dixieland Food Stores, Inc.
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Bobbie N. Read.
No. 54552.
Supreme Court of Mississippi.
March 13, 1985.
R.K. Houston, Bay Springs, for appellants.
Fred J. Lotterhos, Jackson, for appellees.
Before ROY NOBLE LEE, P.J., and DAN M. LEE and PRATHER, JJ.
PRATHER, Justice, for the Court:
This is an appeal from an order of the Circuit Court of Jasper County which affirmed a ruling of the Board of Review of the Mississippi Employment Security Commission holding that appellee Bobbie Read was not guilty of misconduct connected with her work so as to be disqualified from receiving unemployment benefits.
Piggly Wiggly appeals, urging that the decision of the Board of Review is erroneous as a matter of law and is unsupported by substantial evidence.

I.
Appellee Bobbie Nell Read was employed by Piggly Wiggly of Bay Springs as a cashier for several years until July 6, 1981, when she was discharged. In June of 1981, due to inventory shortages, Piggly Wiggly had requested that all employees take a polygraph examination. Ms. Read refused to take the examination. However, Ms. Read voluntarily signed a "consent to restitution" form which was prepared by a polygraph firm which had been retained by Read's employer in which she *1063 acknowledged the "theft"[1] of $98.00 worth of "merchandise". This figure represented the estimated value of food, coffee, etc. obtained from the Piggly Wiggly delicatessen without payment by Ms. Read over the two year period of her employment.
Following her dismissal, Read filed a claim for unemployment benefits with the Mississippi Employment Security Commission and the claims examiner allowed the claim. Piggly Wiggly protested Read's eligibility for benefits, alleging that Read was discharged for misconduct connected with her work. The Mississippi Employment Security Commission referee determined that appellee's actions did not constitute misconduct and affirmed the decision of the claims examiner allowing the unemployment benefits.
Piggly Wiggly appealed to the Mississippi Employment Security Commission Board of Review, which made the following findings of fact.
FINDINGS OF FACT: The claimant was employed as a cashier at the Piggly Wiggly Store in Bay Springs, Mississippi. She was discharged from this employment on July 6, 1981. The claimant had indicated that she was discharged because she refused to take a polygraph test as requested by the employer. The employer testified that she was not discharged for her failure to take such test but that she was discharged after she signed an agreement to make restitution for certain items of food or drink which she allegedly consumed from the delicatessen in the store without paying for same. The claimant testified that she had never wilfully or intentionally consumed any food or beverage without paying for such. She admitted that it was possible that there may have been some occasions when she drank coffee without paying for such because of the hurried nature of some of her breaks and she could not positively state that such coffee had always been paid for. She stated, however, that if she had ever eaten or consumed anything from the delicatessen without paying for it, it was due to oversight and not intentional.
OPINION: Section 71-5-513 A(2) of the Law provides that an individual shall be disqualified for benefits if she is discharged for misconduct connected with her work.
The term "misconduct" as used in the Mississippi Employment Security Law is usually defined as an act of wanton or wilful disregard of the employer's interests, a deliberate violation of the employer's rules, a disregard of the standard of behaviour [sic] which the employer has the right to expect of an employee, or negligence indicating an intentional disregard of the employer's interests, or of the employee's duties and obligations to the employer.
The Board of Review is of the opinion that the actions on the part of the claimant did not constitute misconduct connected with her work as that term is used in the Law. The evidence does not substantiate a finding that the claimant wilfully or deliberately violated any rule or regulations of the employer or wilfully or intentionally failed to pay for any item from the delicatessen which the claimant may have consumed. Disqualification for benefits therefore is not warranted by the evidence.
DECISION: The decision of the Referee is affirmed, and the claim is allowed without disqualification.
The Board of Review concluded that the actions of Ms. Read did not constitute misconduct connected with her work because "[t]he evidence [did] not substantiate a finding that the claimant willfully or deliberately violated any rule or regulations of the employer or willfully or intentionally failed to pay for any item from the delicatessen ..." Accordingly, the decision of the referee to allow the claim was affirmed. Piggly Wiggly then appealed to *1064 the Circuit Court of Jasper County which affirmed the decision of the Board of Review allowing the unemployment benefits. Piggly Wiggly now appeals to this Court.

II.
Miss. Code Ann. § 71-5-513 A(2) (1981 Supp.) provides in part that: "An individual shall be disqualified for [unemployment] benefits: ... for misconduct connected with his work, if so found by the commission, ..."[2]
In Wheeler v. Arriola, 408 So.2d 1381 (Miss. 1982), this Court defined "misconduct" as:
[C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertences and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
408 So.2d at 1383 citing Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941). See also Miss. Employment Sec. Comm'n v. Borden, Inc., 451 So.2d 222, 225 (Miss. 1984).
An employee's deliberate embezzlement of funds entrusted to his care in the course of his employment constitutes "misconduct" disqualifying claimant for unemployment compensation. Vandike v. Brown, 139 So.2d 803 (La. App. 1962).
The factual situation here involved a cashier who, during lunch break, ate or drank coffee in the store delicatessen. Piggly Wiggly had employed an independent polygraph firm out of Florida apparently to question a number of its employees regarding suspected misconduct. Each employee was told she would be discharged if she did not agree to take the polygraph test. Clearly, refusal to take a polygraph test is not "misconduct" within section 71-5-513 such as would disqualify a discharged employee from eligibility for unemployment compensation benefits. Although she refused to take the polygraph test, Ms. Read agreed to talk to the polygraph technician and after doing so, signed the consent to restitution form.
At the hearing before the referee, no company representative testified against Ms. Read about any theft. Mr. Sims, her employer stated that he had personally made an investigation of her and did not determine that Ms. Read took any merchandise without paying for it. The employee Read testified that she never removed merchandise from the store without paying for it.
Ms. Read did state that she may have eaten something out of the delicatessen, and she would be called back early from lunch break. She would clock in and not pay then because "we were real busy." Later, she testified, she would pay for it, but then again, she stated "I may not have paid for it; I can't be sure." The inescapable conclusion that the referee reached was that Mrs. Read in an attempt to cooperate signed the consent form rather than take some other action.

III.
It has long been well settled in this state that judicial review of an Employment
*1065 Security Commission Board of Review Ruling is limited.
Miss. Code Ann. § 71-5-531 (1972) provides:
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
See MESC v. Benson, 401 So.2d 1303 (Miss. 1981); Williams v. MESC, 395 So.2d 964 (Miss. 1981); MESC v. Fortenberry, 193 So.2d 142 (Miss. 1966); MESC v. Rakestraw, 254 Miss. 56, 179 So.2d 830 (1965); MESC v. Blasingame, 237 Miss. 744, 116 So.2d 213 (1959).
Arguably, the consent to restitution form signed by Read is evidence of theft such as would disqualify her under the act. But there is substantial evidence to the contrary as recited above. Besides, the nature of the pre-printed "consent" form and the circumstances under which Read signed it hardly suggest conclusively that she is a thief.
In the case sub judice, there is substantial evidence to support the determination of the Board of Review that Ms. Read's consumption of small quantities of food without payment was neither willful nor intentional. The Board correctly articulated the legal definition of "misconduct" adopted by this Court in Wheeler, supra, and fairly applied that definition to the facts of this case. Therefore, in this Court's opinion, we have no authority to reverse the circuit court's affirmance of the decision of the Board of Review.
AFFIRMED.
PATTERSON, C.J., WALKER, and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The word "theft" was chosen by the polygraph firm and inserted in its pre-printed form. There is no evidence that Read independently employed the word "theft" to characterize her conduct.
[2] Subsequent to this appeal, this code section was amended to provide for disqualification if an employee is discharged for gross misconduct. "Gross misconduct" is defined to include "physical assault upon or bodily injury to the employer, fellow employee, or other person on the employer's premises; arson, embezzlement, sabatage, theft and other criminal acts. Miss. Code Ann. § 71-5-513 (1984 Supp.)