Melody Manor, Inc. (Melody) appeals from a judgment of the Circuit Court of Greene County ordering unemployment compensation benefits to Patricia McLeod. Melody assigns the following errors committed by the lower court:
 I. THE CIRCUIT COURT ERRED IN FINDING THAT THE DECISION OF THE BOARD OF REVIEW IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE.
 II. THE CIRCUIT COURT ERRED IN REVERSING THE DECISION OF THE BOARD OF REVIEW AND IN ORDERING THE MISS. EMPLOYMENT SECURITY COMMISSION TO COMPUTE AND PAY BENEFITS TO McLEOD.
Appellee Patricia McLeod had worked as a nurse's aide at Melody Manor for one year and eight months, then quit her job. On August 22, 1984, she filed a claim for unemployment compensation benefits, stating that she left work because she had been reduced to part-time status. Upon investigation, the claims examiner recommended disqualification on the ground that appellee voluntarily quit without good cause. On September 11, 1984, he rendered his decision, which provided:
 You were separated from your employment with Melody Manor Nursing Home, Leakesville, Ms., on August 19, 1984. You have stated that you have left this employment because your hours were cut back to three days per week and you could not afford to work part-time. Investigation reveals that you [sic] shift was changed, but your hours were not cut back. Fulltime employment was available for you, and you had no definite prospects of other employment. It is determined that you voluntarily left this employment without good cause.
Appellee appealed the decision to the Appeals Referee, and a hearing was conducted October 8, 1984. She testified that she had worked as a nurse's aide at Melody Manor for one year and eight months; that she was called to a meeting where her supervisor advised that appellee was being changed to the day shift and to a part-time basis, three days per week, which caused her to lose paid holidays and vacation time; that Mrs. Myrna Green and Mr. Green were also at the meeting; that the change to part-time was due to a lack of trust because of a birthday party given for her in the middle of the time when she had three nights in a row off; that previously she had been working five days a week, at $3.50 per hour, 7 1/2 hrs. per day, totalling $131.00 per week, and that she would have made $78.00 for three days per week.
The administrator of Melody Manor testified that at a meeting with appellee, the latter was angry and wanted to discuss an incident at the aforementioned birthday party; that Melody Manor only wanted to change her shift and that there was never any mention of part-time; that Melody Manor never reduced a full-time employee to part-time, unless the employee requested such reduction; that appellee became angry and said she would not be back, but refused to write a resignation.
The Appeals Referee then made the following findings of fact and entered his opinion: *Page 1385 
 FINDINGS OF FACT: Claimant was last employed by Melody Manor, Leakesville, Mississippi, for approximately one year and eight months as a nurses' assistant. Claimant quit her job on August 19, 1984. On that day, she was called in by her supervisor and in front of the owners told that her shift was being changed from the evening to the day shift of 7:00 to 3:00. Claimant alleges that the employer was placing her on a part-time basis and that she was losing her vacation time and paid holidays. However, the employer denied all of these allegations. The employer stated that she was being changed as has been in the past from one shift to another. That when they hire a new employee they are always told that they will have to be available for all shifts. Claimant was also told that she would be observed during her working hours on the new shift.
 Claimant became angry and stated that she would not come back to work. The employer offered her the opportunity to resign but Claimant declined. Claimant continued on the schedule. However, she never returned to work. After three days of unexcused absences, the employer presumed Claimant had abandoned her job.
 OPINION: § 71-5-513(1) [§ 71-5-513, subd. A(1)] of the Law provides that an individual shall be disqualified for benefits if she left work voluntarily without good cause.
 It is the opinion of the Referee, in this case, the Claimant did effectively abandon her job on August 19, 1984. There was work available and Claimant was not there to perform her duties. The decision of the Claims Examiner therefore will be affirmed. Claimant has not shown good cause as that term is used in the law.
The Appeals Referee's decision was appealed to the Board of Review which considered the record and issued a decision November 14, 1984, adopting the findings of fact and opinion of the Appeals Referee and affirmed the decision of the referee.
Appellee appealed the claim to the Circuit Court of Greene County for a judicial review pursuant to Mississippi Code Annotated § 71-5-531 (1972). On November 6, 1985, the circuit court entered judgment reversing the decision of the Board of Review on the ground that it is not supported by substantial evidence and directed the Mississippi Employment Security Commissionn to compute and pay to appellee unemployment compensation benefits.
Mississippi Code Annotated § 71-5-531 (1972) provides:
 In any judicial proceedings under this section, the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.
The principle is well settled that an order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud. Wheelerv. Arriola, 408 So.2d 1381, 1384 (Miss. 1982); Williams v.Mississippi Employment Security Comm'n, 395 So.2d 964 (Miss. 1981). The scope of review of this Court and that of the circuit court is limited to the finding of the Board of Review.Mississippi Employment Security Comm'n v. Sellers,505 So.2d 281 (Miss. 1987); Piggly-Wiggly v. Mississippi EmploymentSecurity Comm'n, 465 So.2d 1062 (Miss. 1985).
It is true that a substantial reduction in earnings where a claimant's work hours are reduced to the extent that it would not be feasible to work, if the cost of going to work would be prohibitive, could amount to a termination of employment. Tatev. Miss. Employment Security Comm'n, 407 So.2d 109, 111 (Miss. 1981) (where claimant's work hours were reduced by approximately 50% and below the cost of hiring an individual to care for her children while she worked). Nevertheless, we are of the opinion that there was substantial evidence to support the finding and decision of the Appeals Referee, and that the lower court erred in reversing that finding and decision. *Page 1386 
The judgment of the lower court is reversed, and the decision of the Appeals Referee is reinstated.
REVERSED AND RENDERED.
WALKER, C.J., HAWKINS, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.
DAN M. LEE, J., dissents without written opinion.