562 So.2d 119 (1990)
Robert Otis RAY
v.
Walter R. BIVENS, Chairman: Rank Boyte, Member: Alcus Smith, Member; Mississippi Employment Security Commission & E.I. DuPont Company.
No. 07-CC-59395.
Supreme Court of Mississippi.
May 23, 1990.
Thomas A. Garrity, Waveland, for appellant.
Fred J. Lotterhos, Jr., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and PRATHER and BLASS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Robert O. Ray appeals from a judgment of the Circuit Court of Harrison County affirming the decision of the Board of Review, Mississippi Employment Security Commission, affirming the actions of the claims examiner and referee in disqualifying Ray for unemployment benefits. He was terminated as an employee of E.I. DuPont for sleeping on the job in violation of company rules.
The appellant raises three issues on this appeal:
1. Is sleeping on the job by an employee conduct which is "wanton," or "willful," or manifesting "evil design" so that it can be considered "misconduct" under Miss. Code Ann. § 71-5-513(2) (1972)?
2. Was there any real evidence that Robert O. Ray, appellant, was sleeping on the job?
3. Is the Mississippi Employment Security Board of Review (MESC) decision dated February 22, 1988, valid in view of MESC's failure to consider Robert O. Ray's timely filed brief, and was the referee biased in the handling of the hearing?

FACTS
Robert O. Ray had been employed by DuPont for eight years prior to his termination in October 1987. At the time of termination, Ray was an environmental technician making $11.60 an hour. On March 27, 1987, Ray was placed on probation for six months for sleeping on the job. He had been observed with his eyes closed and his safety shoes off. The supervisor's written notification of probation read as follows:
Robert, this is to inform that as of Friday, 3/27/87 that you are on probation. I have tried several times to impress upon you that I won't tolerate sleeping, or not being alert, by sitting in the 420 Building with your eyes closed and your shoes off, you might not consider this sleeping, but I do, it does not meet my standards, and I consider that *120 unacceptable behavior and if it continues it may lead to termination.
The supervisor's summary of the employee's comments indicated that "Robert did not want to discuss this matter at all." Ray was transferred to another area of the plant in April and performed rather well during his probationary period. He was removed from probation in August of 1987. About a month later, near the first of October, his supervisor observed him sleeping. The supervisor told Ray that if he continued to sleep while at work he would be terminated. About a week later on a Friday night, the supervisor again observed Ray sleeping and again told him that his employment would be terminated if he continued to sleep on the job. The following Monday night, about 3:00 a.m., the supervisor observed Ray sleeping, and Ray was terminated.
Ray denied that he was asleep on any of the occasions when the company alleged he was sleeping, but he did not file a grievance related to any incident.
The company's policy manual lists "sleeping while on duty" as one of fifteen offenses which "will result in corrective action which may include discharge." The language of the employee handbook provided to Ray is the same as that of the company's manual.
When Ray applied for unemployment compensation, the claims examiner on 10-23-87 disqualified him for benefits under Miss. Code Ann. § 71-5-513 A(1)(b) on the ground that he had been discharged for misconduct connected with the work.
The board of review adopted the findings of fact and opinions of the referee and Ray appealed the matter to the Circuit Court of Harrison County which affirmed, holding that the decision of the Board of Review was supported by substantial evidence and applicable law.

LAW
Appellant contends (1) that sleeping on the job is not misconduct as contemplated by Miss. Code Ann. § 71-5-513 because he contends that such behavior is not voluntary; and (2) that the evidence did not support the referee's finding that Ray was sleeping on the job.
Ray was employed by DuPont as an environmental technician. He was working in the water treatment part of the power area, which included the boilers to make steam and large compressors to supply air to the various tools and the air supply in the plant. The water treatment is a big area of the power group, i.e., it supplies the domestic water and other water needs of the processes in the plant. Without doubt, sleeping on the job in a control area such as appellant worked was a serious safety violation.
The unemployment compensation statute, Miss. Code Ann. § 71-5-513 A(1)(b) (1972), provides that an employee is disqualified for benefits, if he was discharged for misconduct connected with his work. In Wheeler v. Arriola, 408 So.2d 1381 (Miss. 1982), this Court has said that "misconduct" as contemplated by the statute is "conduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee." The Wheeler court said:
Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer's interest or of the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertencies and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1982) citing Boynton Cab Company v. Neubek, 237 Wis. 249, 296 N.W. 636 (1941) (emphasis added). See also Shannon Engineering and Construction Company v. Employment Security Commission, 549 So.2d 446 (Miss. 1989).
*121 Miss. Code Ann. § 71-5-531 (1972) and the decisions of this Court provide that, upon appeal, the Court consider the record made before the Board of Review, and, absent fraud, accept the findings of fact by the Board of Review, if supported by substantial evidence. In Melody Manor, Inc. v. McLeod, 511 So.2d 1383 (Miss. 1987), the Court reversed the circuit court and stated:
The principle is well settled that an Order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud.
In Piggly Wiggly of Bay Springs v. Mississippi Employment Security Commission, 465 So.2d 1062 (Miss. 1985), the Court stated that there was the required substantial evidence and "we have no authority to reverse the circuit courts' affirmance of the decision of the Board of Review." Wheeler v. Arriola, 408 So.2d 1381 (Miss. 1982); Mississippi Employment Security Commission v. Georgia-Pacific Corp., 394 So.2d 299 (Miss. 1981); Williams v. Mississippi Employment Security Commission, 395 So.2d 964 (Miss. 1981); Mississippi Employment Security Commission v. Benson, 401 So.2d 1303 (Miss. 1981); Mississippi Employment Security Commission v. Fortenberry, 193 So.2d 142 (Miss. 1966); Mississippi Employment Security Commission v. Ballard, 252 Miss. 418, 174 So.2d 367 (1965); Mississippi Employment Security Commission v. Rakestraw, 254 Miss. 56, 179 So.2d 830 (1965); Mississippi Employment Security Commission v. Mixon, 248 Miss. 399, 159 So.2d 181 (1964); Mississippi Employment Security Commission v. Blasingame, 237 Miss. 744, 116 So.2d 213 (1959).
Issues one and two presented by the appellant are rejected.
Appellant contends that his brief was not considered below and that the referee was biased, i.e., that he abandoned his neutral role. We have carefully considered the record and the briefs and are of the opinion that the contention is without merit.
Issue number three is rejected.
There being no reversible error in the proceedings below, the judgment of the lower court is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.J.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, PITTMAN and BLASS, JJ., concur.