ROY NOBLE LEE, Chief Justice,
dissenting:
I disagree with the majority opinion interpreting the Unemployment Compensation Act e.g., Miss.Code Ann. § 71-5-513 insofar as it applies to this ease. At page four of the slip opinion, the majority writes:
“By the same token, even though the employee has gone on a strike on a meritorious and well justified grievance, the employer is free to replace him and inform the employee when he returns to work that he is out of a job. But, the employer cannot do so and at the same time deny him unemployment benefits. To permit this would give the employer his cake and let him eat it, too.”
“Sanderson Plumbing’s argument that these employees, who have ended the strike and unconditionally returned to *218 their jobs, are now somehow unemployed “due to a stoppage of work which exists because of a labor dispute” is not only a strained and tenuous interpretation of the words of the statute, but also would emasculate the salutary purpose of the act. A main purpose of the act is to give some compensation to a worker who, without fault or choice on his own part, finds himself unemployed. Miss.Code Ann. § 71-5-1.”
The cause of the strike is of no moment here. It is undisputed that 286 workers voluntarily left the employ of Sanderson on strike. Company production dropped to 35% of normal. In this situation, what was the employer to do — suffer substantial losses, close his plant or hire new employees? He made the decision to keep his plant running and his business going. He began to employ new employees for the protection of his business and his operation. Three days later, 136 of the striking employees, who voluntarily left, reported for work and found that they were replaced by other people who wanted to work. Sanderson put the replaced employees On a list for recall as soon as work was available.
The majority opinion says that permitting an employer to so operate his business is letting him eat his cake and have it too. How wrong! Mississippi has a Right To Work Law. The employees voluntarily left because apparently they disagreed with the way Sanderson operated his plant. Sander-son is entitled to equal protection of the law — he is as much entitled to hire new employees to replace those who voluntarily left and keep his business operating as those striking employees were entitled to stay there and work. Sanderson’s profits may be marginal; his contracts may have needed to be fulfilled; closing his plant or a decrease in production may have ruined him. Increase in his payments for unemployment compensation benefits may mean the difference in closing or operating his business.
The Board of Review, in its opinion, stated that the claimants did not at anytime intend to abandon their jobs or terminate their employment with the employer. Yet, if Sanderson had not started hiring new employees, the strike could have lasted six months, one year, two years, or never ended. An employer should not be penalized in employing people and contributing his share to industry in this State. I interpret Miss.Code Ann. § 71-5-513(A)(4) differently from the majority.
This Court has held that an employer should not be penalized by the granting of unemployment benefits to a worker for misconduct when the worker (1) slept on the job, Ray v. Bivens, 562 So.2d 119 (Miss.1990); (2) was absent from work because of alcoholism, MESC v. Martin, 568 So.2d 725 (Miss.1990).
The case at bar is one of first impression in Mississippi. People should have the right to work without being penalized and employers and industry should have the right to hire people who want to work to replace those who do not want to work. Therefore, I dissent from the majority opinion.
DAN M. LEE, P.J., joins this opinion.
PRATHER, J. not participating.