PRATHER, Presiding Justice,
dissenting:
In my view, the actions of the Appellant, Waverly Alen, in the instant case do constitute “misconduct” and, therefore, it is my opinion that the decisions of the Mississippi Employment Security Commission (MESC) and the Circuit Court of Scott County should be affirmed.
Where the findings made by the MESC are supported by substantial evidence, “this court has no authority to reverse the circuit court’s affirmance of the decision of the Board of Review.” Richardson v. Mississippi Employment Security Commission, 593 So.2d 31, 34 (Miss.1992). See Booth v. Mississippi Employment Security Commission, 588 So.2d 422, 424 (Miss.1991); Ray v. Bivens, 562 So.2d 119, 121 (Miss.1990); Piggly Wiggly v. Mississippi Employment Security Commission, 465 So.2d 1062, 1064-65 (Miss.1985). The burden is upon the employer to prove the disqualifying misconduct by clear and convincing evidence. Gore v. Mississippi Employment Security Commission, 592 So.2d 1008, 1010 (Miss.1992). As noted by the majority, this Court in Mississippi Employment Security Commission v. Phillips, 562 So.2d 115, 118 (Miss.1990) discussed the meaning of the term “misconduct.” A portion of that discussion is worthy of repeating:
Misconduct imports conduct that reasonable and fair minded external observers would consider a wanton disregard of the employer’s legitimate interests. Something more than mere negligence must be shown, although repeated neglect of an employer’s interests may rise to the dignity of misconduct.
Phillips, 562 So.2d at 118 (emphasis added). See also, Mississippi Employment Security Commission v. Borden, Inc., 451 So.2d 222, 225 (Miss.1984); Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss.1982).
This is not a case of an employee’s being discharged for one isolated act of negligence of his part. In the instant case, the record reveals that Waverly Alen’s conduct constituted acts of neglect in contravention to his employer’s interests on several occasions pri- or to his termination. On January 3, 1991, he was given a verbal warning for grinding a set of parts undersize. On May 24, 1991, Waverly Alen received a written warning after grinding 108 parts undersized, costing his employer $4,000.00. Willie Bowie, production manager for Vesuvius USA, testified that the machine used to grind these parts is preset by the machine’s operator. With regard to the actions required to grind a part undersized he stated, “[I]n order to grind parts undersize you would manually have to throw a switch to, you know, take them down a little bit lower. In other words, the machine is set to grind just so much off the part ...” Waverly Alen received another written warning on October 28, 1991. The reason for this warning was that he failed to send parts to the proper station after grinding.[1] Finally, on November 19,1991, the day *909 of Waverly Allen’s termination, he was given a verbal warning for placing some parts on a rack improperly.
While each of these incidents taken separately might not be sufficient to justify disqualifying Waverly Allen from receiving unemployment benefits because of “misconduct,” all of these actions considered together evidence “repeated neglect of [his] employer’s interests”[2] and thereby constitute misconduct on the part of Waverly Allen. Therefore, the circuit court’s decision upholding the denial of unemployment benefits to Waverly Allen by the Mississippi Employment Security Commission should be affirmed. Accordingly, I dissent.
HAWKINS, C.J., and JAMES L. ROBERTS, Jr., J., join this opinion.

. Waverly Allen was also given a written warning for not reporting to work as scheduled on March 27, 1991. The reason he did not go to work that day was because his car was broken. However, *909 he did call in to let his employer know that he would be unable to come in on time. This warning apparently played no part in the Appeals Referee’s decision in this case.

. Phillips, 562 So.2d at 118.