McRAE, Justice,
for the court:
Annie B. Newman has appealed the decision by the Circuit Court of Harrison County to deny unemployment benefits to her on the basis that she voluntarily terminated her employment without good cause with the Harrison County Circuit Clerk’s Office. Finding that she voluntarily quit and lacked good cause to leave her job, we affirm the lower court’s decision to deny unemployment benefits to Newman.
I.
On September 22, 1991, Annie B. Newman filed for unemployment benefits after she quit her job with the Harrison County Circuit Clerk’s Office upon receiving a demotion for violating office personnel policy. The claims examiner with the Mississippi Employment Security Commission (MESC) allowed her claim and notified W.L. Lee, the Circuit Clerk of Harrison County, that his office, a reimbursable employer, would be charged on a dollar per dollar basis for the benefits. Lee appealed to the MESC on October 23, 1991, but the appeals referee affirmed the determination that Newman had good cause to voluntarily leave her employment. The Board of Review affirmed these findings on January 6,1992.
Lee filed a petition for review with the Circuit Court of Harrison County. The court entered an order of reversal on December 10, 1992, disallowing Newman’s benefits on the basis that the findings of the MESC were not supported by substantial evidence. Newman appeals the circuit court decision.
II.
Newman began working with the Harrison County Circuit Clerk’s office in August of 1984. In January of 1991, W.L. Lee, the Circuit Clerk of Harrison County, informed his personnel that in the upcoming circuit clerk campaign race, in which he would not seek re-election, staff members were not permitted to campaign for anyone during work hours. On May 3, 1991, Lee was informed by his office manager that Newman received a package containing campaign literature during work hours from a circuit clerk candidate.
Lee responded to the complaint by demoting Newman to her previous position from which she had recently been promoted. The demotion cut her pay by $100 per month. Lee informed Newman that she had the opportunity to work her way back up and prove that her conduct was simply an honest mistake. The written office personnel policy stated that an employee could be demoted for violating policies established by the Circuit Clerk.
Newman returned to work in her old position entering judgment rolls on May 6, 1991. Lee continued to receive complaints that she was campaigning during work hours. Soon thereafter, Newman advised Lee that she had no intentions of accepting the demotion, and-that she planned to leave at the end of *514 the month to work full time for a candidate. She left her employment at the end of the month.
Lee testified that Newman was a very good employee. The circuit clerk candidate who delivered the election material simply walked passed the counter and gave Newman an envelope to place in her purse. It was not unusual for a lawyer to simply walk past the front counter, however, this particular package contained a thick stack of bumper stickers. Newman maintained that upon receiving the envelope of bumper stickers, she simply placed it in her purse. She opened the envelope only because a fellow employee, Paula Olson, asked about its contents. Olson corroborated this testimony.
Gene Evans, Chief Deputy, Circuit Clerk, received a complaint from the other employees when the candidate brought the campaign literature in the office. The other employees thought it was unfair since no one was allowed to campaign during work hours. Evans believed that it was in the best interest of the circuit clerk’s office to discipline Newman since it was made perfectly clear that no one could campaign during work hours.
III.
Miss.Code Ann. § 71-5-531 (1995) states that “[i]n any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law.” See Barnett v. Mississippi Employment Sec. Comm’n, 583 So.2d 193, 195 (Miss.1991); Ray v. Bivens, 562 So.2d 119, 121 (Miss.1990).
The facts found by the appeals referee of the Mississippi Employment Security Commission and adopted by its board of review were supported by substantial evidence. The real dispute in this ease instead centers on whether these particular facts support a finding that Newman had good cause for voluntarily leaving her employment.
The appeals referee and the board of review with the MESC specifically found that Newman was entitled to receive unemployment benefits because she had good cause to voluntarily leave her job with the circuit clerk’s office. Miss Code Ann. § 71-5-513A(1)(a) (1995) denies unemployment benefits to the employee who voluntarily leaves work without good cause. It further states that “[t]he burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer.” § 71-5-513A(1)(a).
The following paragraph constituted the opinion of the Board:
It is the opinion of the Referee, in this case, that the evidence presented does not substantiate a finding that claimant violated the employer’s policy of campaigning for a candidate during working hours. Furthermore, the transfer and the reduction of pay was motivated by an assumption that claimant had violated such policy. Under such circumstances, the Referee finds that the claimant was with good cause in voluntarily leaving her job. The Claims Examiner’s determination will therefore be affirmed.
The circuit court reversed this decision necessarily accepting the fact that Newman was justly disciplined for violating office policy against campaigning during work hours and therefore without good reason to quit her job.
The facts demonstrate that Lee made it clear to his staff that it was policy that staff members may not campaign or solicit votes for candidates during work hours. The personnel policy drafted by the circuit clerk’s office provided that “Employees may be moved to a lower job with lower pay for the following reasons: ... (c) Policies established by the Circuit Clerk.” The facts are undisputed that Newman received an envelope containing campaign literature from a circuit clerk candidate during work hours and showed the other employees the campaign literature in her purse. Consequently, this Court concludes that she was properly disciplined for a direct violation of office policy. She was disciplined exactly according to office policy. She voluntarily quit and subsequently failed to meet her burden of showing good cause for voluntarily leaving her job. As a result, she was not entitled to unem *515 ployment benefits. The judgment of the circuit court is hereby affirmed.
JUDGMENT IS AFFIRMED.
DAN M. LEE, C.J., and PITTMAN, JAMES L. ROBERTS, Jr. and MILLS, JJ., concur.
BANKS, J., dissents with separate written opinion joined by PRATHER and SULLIVAN, P.JJ., and SMITH, J.