IRVING, J.,
for the Court.
¶ 1. On September 17, 2003, Kenneth Ramsey filed a claim for unemployment benefits with the Mississippi Employment Security Commission (MESC). The claims examiner disqualified Ramsey because Ramsey was discharged for misconduct connected with his employment with Centerpoint Energy in Crystal Springs, Mississippi. Ramsey filed an appeal, and a telephone hearing was held before a referee on November 12, 2003. The referee found that Ramsey provided Center-point with false information regarding Ramsey’s overtime records and that this action constituted misconduct under Cen-terpoint’s policies. Ramsey appealed to the MESC Board of Review, and the Board of Review affirmed the referee’s decision. Ramsey then appealed to the Circuit Court of Copiah County. The circuit court affirmed the Board of Review’s decision. Ramsey now appeals, asserting that the Board of Review and the circuit court erred in finding that he violated Cen-terpoint Energy’s policy by repeatedly falsifying his overtime records.
¶ 2. Finding no reversible error, we affirm the decision of the trial court.
FACTS
¶ 3. Kenneth Ramsey was employed by Centerpoint Energy as a gas service technician from February 1999, until September 17, 2003. Ramsey’s job duties required that he remain on call after hours for emergencies. Service calls made after hours were to be reported on two different reports, an overtime report and a time report. Ramsey was paid according to the hours indicated on the time report.
¶ 4. In February 2003, Centerpoint first discovered that Ramsey was being paid overtime for work that he did not perform. Ramsey was dispatched from the call center in Shreveport, Louisiana on a pay period ending on February 23, 2003, and Ramsey reported on his overtime report that he worked two hours and five minutes. However, he reported six hours on his time report, resulting in his being paid for overtime to which he was not entitled. After this incident, Ramsey was counseled by his supervisors about falsification of company documents. According to Cen-terpoint policies, falsification of company documents for monetary gain is against company policy and is grounds for termination. Centerpoint next discovered that, on a pay period ending August 24, 2003, *257 the dispatcher’s times for Ramsey’s service calls did not match Ramsey’s time report. Ramsey showed that he had worked two hours on his overtime report, but claimed six hours on his time report, resulting in his being paid for overtime for which he was not entitled.
¶ 5. On a pay period ending September 7, 2003, Ramsey recorded less than three hours work on his overtime report for a call on August 29, 2003, but recorded six hours of overtime on his time report. On September 3, 2003, Ramsey listed two call-outs for six hours of pay but recorded nine hours on his time report for payment. After these inconsistencies, Ramsey was terminated. Additional facts will be related during our discussion of the issue.
STANDARD OF REVIEW
¶ 6. The standard of review for appeals from decisions from the commission is limited. “In any judicial proceedings ..., the findings of the Board of Review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law....” Miss.Code Ann. Section 71-5-531 (Supp.2004).
ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 7. The sole issue in this case is whether Centerpoint presented substantial evidence that Ramsey repeatedly violated its falsification policy by willfully and wantonly reporting more hours on his time report than he actually worked, resulting in Ramsey being paid overtime for which he was not entitled.
¶ 8. Ramsey first argues that he was terminated as retaliation for reporting the discrimination problems in the Crystal Springs office. Ramsey asserts that there had been problems with cutting customers off in the all black neighborhoods when an extension for payment could have been given, pulling customers’ meters who had already paid their bills, and cutting off customers’ service even though their checks had already cleared with the Copi-ah Bank. Ramsey maintains that the allegations of falsifying time reports only arose after he filed a complaint with management at Centerpoint alleging the above mentioned instances of discrimination.
¶ 9. Mississippi Code Annotated section 71-5-513(A)(l)(b) (Supp.2004) states in pertinent part: “[a]n individual shall be disqualified for benefits ... [f]or the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the department....”
¶ 10. The Mississippi Supreme Court has defined misconduct as follows:
[cjonduct evincing such willful and wanton disregard of the employers [sic] interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertence and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered “misconduct” within the meaning of the statute.
Richardson v. Miss. Employment Sec. Comm’n, 593 So.2d 31, 33 (Miss.1992) (citing Piggly Wiggly of Bay Springs v. Miss. Employment Sec. Comm’n, 465 So.2d *258 1062, 1064 (Miss.1985)). Further, the Mississippi Supreme Court has stated that “whenever evaluating ‘misconduct’, we not only assess violations of an employer’s stated policy, but we also consider all action (or inaction) which could be expected of the employee, and which affects the interests of the employer, regardless of whether such actions are included within the stated policy.” Miss. Employment Sec. Comm’n v. Percy, 641 So.2d 1172, 1175 (Miss.1994).
¶ 11. In the case sub judice, the trial court and the Board of Review affirmed the referee’s finding that Ramsey’s failure to match the time on his overtime report and time report resulted in falsification of company records, rising to the level of misconduct connected with his work.
¶ 12. We agree with the MESC Board of Review and the trial court. Evidence was presented that Patrick Husband, Ramsey’s supervisor, explained the policy to Ramsey after the February 23, 2003 incident. Furthermore, Ramsey had been trained with regard to completing the time reports, and the falsification policy was posted on the Internet for all employees to access through computers made available to them. Additionally, a review of Ramsey’s investigative report reveals that Ramsey had been counseled by management regarding the discrepancies and suspended for three days because of other policy violations. Consequently, we find that Ramsey’s repeated insertion of ineon-gruent times on his time and overtime reports constituted falsification of records and was disqualifying misconduct within the meaning of our statutory and case law. Percy, 641 So.2d at 1176.
¶ 13. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.