910 So.2d 1220 (2005)
Layefette THOMAS, Appellant,
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION, Appellee.
No. 2004-CC-00489-COA.
Court of Appeals of Mississippi.
September 6, 2005.
*1221 Layefette Thomas, pro se.
Albert Bozeman White, Madison, attorney for appellee.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. On June 4, 2003, Layefette Thomas filed a claim for unemployment benefits. The Mississippi Employment Security Commission ("MESC")[1] denied his claim. Thomas appealed the denial of his claim for benefits, but the appeals referee affirmed the decision of the claims examiner. Thomas appealed once again, but the decision to deny benefits was affirmed by the Board of Review. Thomas appealed again, this time to the circuit court, which affirmed the decision of the Board of Review.
¶ 2. Aggrieved by the denial of his claim for unemployment benefits, Thomas again appeals, raising the following single issue:
DID THE CIRCUIT COURT ERR IN AFFIRMING THE DECISION OF THE BOARD OF REVIEW?
¶ 3. Finding no error, we affirm the judgment of the circuit court.

FACTS
¶ 4. Thomas was employed as a substitute teacher for the Jackson Public Schools ("JPS") system from the 1999 through the 2003 school years. For most of that time, Thomas worked as a long-term substitute at Bailey Magnet School, teaching English and French. Thomas has no teaching certifications that would qualify him for a full-time position as a teacher with JPS. Because Thomas was not a certified teacher, the school had to find a certified, full-time teacher for the position Thomas was filling in order to avoid the loss of certain funding. Thus, Thomas's long-term substitute position came to an end. However, Thomas remained on the substitute teacher list for the school, and Thomas was informed that he very likely would be contacted for future substitute teaching needs of the school. As previously noted, Thomas filed for unemployment benefits but failed to prevail in his claim at any level of appeal.

LEGAL ANALYSIS
DID THE CIRCUIT COURT ERR IN AFFIRMING THE DECISION OF THE BOARD OF REVIEW?
¶ 5. Thomas argues that since JPS has failed to offer him any further substitute *1222 teaching opportunities, that, therefore, he should be entitled to unemployment benefits. MESC argues that the provisions of Mississippi Code Annotated § 71-5-511(h)(i) (Rev.2000) clearly demonstrate that Thomas is not entitled to receive any unemployment benefits.

STANDARD OF REVIEW
¶ 6. Our standard of review of appeals relating to decisions of MESC has been stated as follows:
Miss.Code Ann. § 71-5-531 governs the standard of review for appealing the MESC Board of Review decision to the circuit court and the Mississippi Supreme Court. Judicial review is limited to questions of law:
In any judicial proceedings under this section, the findings of the board of review as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law. Miss.Code Ann. § 71-5-531; Barnett v. Miss. Employment Sec. Comm'n, 583 So.2d 193, 195 (Miss.1991). The Board's findings of fact are conclusive if supported by substantial evidence and without fraud. Richardson v. Miss. Employment Sec. Comm'n, 593 So.2d 31, 34 (Miss.1992); Ray v. Bivens, 562 So.2d 119, 121 (Miss.1990); Melody Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss.1987).
Hoerner Boxes, Inc. v. Mississippi Employment Sec. Comm'n, 693 So.2d 1343, 1346-47 (Miss.1997).
¶ 7. Thus, our standard of review is very deferential and limited, and, in the absence of fraud, we will only reverse the Board of Review of MESC when its decision is not supported by substantial evidence. Id. We find no indication in the record of the present case that the Board of Review's findings were the result of fraud; therefore, we will review the record in order to determine whether there is substantial evidence to support the Board of Review's findings.

DISCUSSION
¶ 8. This issue warrants little discussion, as Thomas's arguments clearly lack merit. We note first that Thomas fails to cite to any authority in support of his arguments. We have long held that we need not consider assignments of error that are unsupported by authority. Lauro v. Lauro, 847 So.2d 843, 851(¶ 21) (Miss. 2003). For this reason alone, we believe the judgment of the circuit court could be affirmed; however, we will nonetheless briefly address the merits of the issue.
¶ 9. Very simply, we find MESC's argument from Mississippi Code Annotated § 71-5-511(h)(i) to be dispositive of this issue. That provision reads, in relevant part:
With respect to service performed in an instructional, research or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two (2) successive academic years, or during a similar period between two (2) regular but not successive terms, or during a period of paid sabbatical leave provided for in the individual's contract, to any individual, if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms, and provided that Section 71-5-511, subsection (g), shall apply with respect to such services prior to January 1, 1978. In no event shall benefits be *1223 paid unless the individual employee was terminated by the employer.

Miss.Code Ann. § 71-5-511(h)(i) (emphasis added).
¶ 10. Based upon our review of the record, we find that MESC is correct in arguing that Thomas has "a reasonable assurance that [he] will perform services in the second of such academic years or terms." As noted, Thomas remained on the substitute teacher list for JPS; therefore, we find that he had a "reasonable assurance" that he would be called on again to perform work as a substitute teacher.
¶ 11. Moreover, if the "reasonable assurance" aspect of the statute is not enough to justify the denial of Thomas's benefits (and we think that it is), the last sentence of the statute leaves no doubt as to Thomas's claim for benefits. That sentence reads, "In no event shall benefits be paid unless the individual employee was terminated by the employer." Id. In this case, although Thomas was no longer needed for the particular substitute teaching spot he had previously occupied, the record reflects that he was not "terminated" as a substitute teacher. On the contrary, as noted, Thomas remained on the substitute teacher list and, therefore, could have been given the opportunity to work in different positions at the school, as needed.
¶ 12. We find the board of review's decision to be clearly supported by substantial evidence.
¶ 13. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.
NOTES
[1] We are aware that the name of the Mississippi Employment Security Commission has been changed recently to the Mississippi Department of Employment Security; however, for purposes of this opinion, we will refer to the Department as "MESC," since that was the name in effect at the times relevant to this action.