KITCHENS, Justice,
concurring in result only:
¶ 23. I agree with the plurality’s determination that Devin Jones did not quit his job voluntarily and without good cause for the purpose of Section 71-5-513(A)(l)(a) of the Mississippi Code. However, because the plurality relies upon a misinterpretation of the T & L Specialty Company employee handbook in reaching this conclusion, I respectfully concur only in the result. . .
¶ 24. Devin Jones was employed by T & L Specialty Company as a production technician from June 18, 2012, until February 4, 2013. On February 4, 2013, Jones reported to work on time at 7:00 p.m. and performed his assigned duties until his first break at 9:00 p.m. During that break, Jones learned that his pregnant girlfriend was ill. At 9:17 p.m., Jones left work, asking a coworker to explain the situation to their, supervisor, Mitch Monts. The coworker promised to inform the supervi *1006 sor, and Jones left the workplace to take care of his pregnant girlfriend. The coworker apparently did not inform Monts about Jones’s absence. However, Monts was aware that Jones’s girlfriend was experiencing a complicated pregnancy.
¶ 25. On February 5, 2013, Jones was told by a manager at Specialty that Jones had quit his job the night before because he had left his post without first notifying his supervisor. Jones showed up to work his shift that night, but Specialty had replaced him. On February 20, 2013, Jones filed an application for unemployment benefits with the Mississippi Employment Security Commission (MESC). The MESC claims examiner found that Jones had been discharged for leaving work without authorization, which constituted misconduct. After holding a telephonic hearing, an MESC administrative law judge (ALJ) ruled that Jones was ineligible for unemployment benefits because he constructively had quit his job without good cause. The ALJ’s determination was affirmed on appeal by the MESC Board of Review and by the Circuit Court of Lee County.
¶ 26. It is well settled that judicial review of a Mississippi Employment Security Commission Board’s ruling is limited. Piggly Wiggly of Bay Springs & Dixieland Food Stores, Inc. v. Miss. Emp’t Sec. Comm’n, 465 So.2d 1062, 1064-65 (Miss.1985). The Mississippi Legislature has determined that: “In any judicial proceedings ... the findings of the Board ... as to the facts, if supported by evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” Miss.Code Ann. § 71-5-531 (Rev.2011). In Melody Manor, Inc. v. McLeod, 511 So.2d 1383 (Miss.1987), this Court held: “The principle is well settled that an Order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud.” Substantial evidence requires more than a “mere scintilla” of evidence, Johnson v. Ferguson, 435 So.2d 1191, 1195 (Miss.1983), but it does not rise to the level of “a preponderance of the evidence.” Babcock & Wilcox Co. v. McClain, 149 So.2d 523, 523-24 (Miss.1963); accord Delta CMI v. Speck, 586 So.2d 768, 773 (Miss.1991).
¶27. Unemployed individuals are disqualified from receiving benefits under two circumstances: (1) the employee “left work voluntarily without good cause” or (2) the employee “was discharged for misconduct connected with his work.” Miss.Code Ann. § 71-5-513(A)(1)(a)-(b) (Rev.2011). “The burden of proof of good cause for leaving work shall be on the claimant, and the burden of proof of misconduct shall be on the employer.” Miss.Code Ann. § 71-5-513(A)(1)(c) (Rev.2011).
¶ 28. Here, it is apparent that there is not substantial evidence supporting the ALJ’s determination that Jones “left work voluntarily without good cause.” The ALJ found that Specialty’s employee handbook “requires employees to notify their supervisor if [they are] absent, tardy, or leave work early. If a person leaves work without notifying the supervisor and makes no attempt to call for eight (8) hours, the employer considers the employee to have quit.” However, this is not an accurate interpretation of the Specialty employee handbook. The handbook provides:
It is the employee’s responsibility to notify their supervisor if the employee will be late or absent for any reason by 8 a.m. If an employee does not contact the supervisor or another company representative within 8 hrs. of an absence, the company will consider that the employee has voluntarily quit and termination will take place.
(Emphasis added.) Here, Jones, by notifying his coworker that he was leaving *1007 work, substantially complied with the requirements of the employee handbook that employees “contact the supervisor or another company representative within 8 hrs. of an absence.” Not only did Jones substantially comply with company policy, but the record also is devoid of any evidence that Jones intended to quit his job by leaving to take care of his pregnant girlfriend. In fact, he showed up to work at Specialty, on time, the very next night.
¶ 29. I disagree with the plurality’s conclusion that, “[o]n the day in question, Jones was not tardy, nor was he absent.” Plur. Op. ¶20. The handbook requires that an employee “notify [his or her] supervisor if the employee will be late or absent for any reason.” Oxford English Dictionary defines absent as “the state of being away from a place or person.” Absent, Compact Oxford English Dictionary (2d ed.2000). In leaving his place of work at 9:17 p.m. and in failing to return to complete his shift thereafter, Jones was “absent” from his workplace within the common meaning of the term absent.
¶ 30. Furthermore, even if there were substantial evidence supporting the ALJ’s conclusion that Jones “voluntarily quit” his position at Specialty by leaving work early, the ALJ and the plurality misapply the relevant unemployment benefits statute. In pertinent part, Section 71-5-513(A)(1)(a) of the Mississippi Code provides:
¶ 31. A. An individual shall be disqualified for benefits:
(l)(a) For the week, or fraction thereof, which immediately follows the day on which he left work voluntarily without good cause, if so found by the department, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case; however, marital, filial and domestic circumstances and obligations shall not be deemed good cause within the meaning of this subsection. Pregnancy shall not be deemed to be a marital, filial or domestic circumstance for the purpose of this subsection.
Miss.Code Ann. § 71-5-513(A)(1)(a) (Rev. 2011) (emphasis added). Because Jones “left work” for the purpose of caring for his pregnant girlfriend, the relevant statute’s express language provides that he is not disqualified from receiving unemployment benefits.
¶ 32. In sum, no evidence in the record supports the ALJ’s conclusion that Jones voluntarily left work without good cause. By notifying his’ coworker that he was leaving work to care for his pregnant girlfriend and by asking his coworker to explain the reason he left work to his supervisor, Jones substantially complied with the provisions of the employee handbook. Furthermore, even if there were evidence in the record that Jones left work voluntarily, Section 71-5-513(A)(l)(a) of the Mississippi Code provides that pregnancy is not a marital, filial, or domestic circumstance that is outside the meaning of the term good cause as contemplated by the statute. Because, however, the plurality relies upon a misinterpretation of the T & L Specialty Company employee handbook in reaching this conclusion, I respectfully concur only in the result.
KING, J., JOINS THIS OPINION.